UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
TILEBAR, f/k/a Soho Studio Corp., LLC,

               Plaintiff,

        - against -

GLAZZIO TILES, f/k/a Deutsch Imports, LLC,
GABRIELLE VONRUMPF, and JESSICA
ARMSTRONG,

              Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-3823 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

Before the Court is the motion of Plaintiff TileBar for a temporary restraining order ("TRO") and hearing on a preliminary injunction. (*See* Dkt. 9.) For the reasons explained below, TileBar's requests for a TRO and preliminary injunction hearing are both denied.

## BACKGROUND

TileBar is a commercial supplier of tile and stone flooring and Defendant Glazzio Tiles ("Glazzio") is a wholesaler of tile products that does not have a commercial division. (*See generally* Amended Complaint ("Am. Compl."), Dkt. 41.) TileBar alleges that Defendants Gabrielle vonRumpf and Jessica Armstrong, while working at TileBar, conspired with Glazzio to misappropriate trade secrets in order to create a commercial division at Glazzio, where vonRumpf and Armstrong now work, and that Defendants plan to launch their commercial division this fall. (*Id.*)

Based on these allegations, Plaintiff TileBar moves for a TRO and a hearing on a preliminary injunction. (*See* Dkt. 9.) TileBar seeks, among other things, an immediate return of all of its trade secrets, termination of vonRumpf's and Armstrong's employment at Glazzio, and an injunction preventing Glazzio from launching its planned commercial division. (*Id.*)

1

## DISCUSSION

### I.     Legal Standard

The same legal standards govern applications for a TRO and preliminary injunction.  *Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).  A litigant seeking either must establish (1) a threat of irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a TRO or preliminary injunction is in the public interest.  *Connecticut State Police Union v. Rovella*, 36 F.4th 54, 62 (2d Cir. 2022); *Mullins v. City of New York*, 626 F.3d 47, 55 (2d Cir. 2010).  "[I]rreparable harm is the single most important prerequisite . . . ."  *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted).

### II.    Application

TileBar has failed to establish a threat of irreparable harm.  All of its arguments to the contrary are unavailing.  First, TileBar notes that vonRumpf and Armstrong agreed to a confidentiality agreement that stated that a violation of the agreement would cause irreparable harm and warrant a preliminary injunction.  (TileBar Memorandum of Law in Support of an Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction ("Pl.'s Mem."), Dkt. 10, at 13.)  TileBar states that the Second Circuit has held that such agreements are "sufficient to discharge the movant's burden of showing irreparable harm."  (*Id.* (internal quotation marks omitted).)  The Second Circuit, however, has held no such thing, at most observing that such an agreement "might arguably be viewed as an admission," *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 69 (2d Cir. 1999), but never relying on such an arguable admission to uphold a preliminary injunction.

Second, TileBar argues that the misappropriation of its trade secrets establishes a threat of irreparable harm.  (Pl.'s Mem., Dkt. 10, at 13–15.)  In sum and substance, TileBar alleges that Defendants misappropriated customer information, vendor information, information on strategic initiatives, employee compensation information, and the like, and that Defendants' use of this information will cause TileBar to lose business.  (*Id.*; Am. Compl., Dkt. 41, ¶ 200.)  However, where "the only possible injury that the plaintiff may suffer is loss of sales to a [competitor]," that injury is "fully compensable by money damages" and does not support preliminary relief such as an injunction, which is "unavailable except in extraordinary circumstances." *Faiveley*, 559 F.3d at 118–19 (internal quotation marks, brackets, and ellipsis omitted).  An injunction may be appropriate where the misappropriator may further disseminate the trade secrets, but where a competitor has allegedly obtained trade secrets for its own use, like here, "the misappropriator will often have the same incentive as the originator to maintain the confidentiality of the secret in order to profit from the proprietary knowledge." *Id.* (reversing as abuse of discretion a preliminary injunction granted against a defendant who had allegedly misappropriated trade secrets for subway brakes and used the trade secrets to take business from the plaintiff).

Third, TileBar argues that the misappropriation of its trade secrets will cause it to lose goodwill.  (TileBar's Reply in Further Support of an Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction ("Pl.'s Reply"), Dkt. 38, at 6–7.)  Plaintiff's allegations in support of this argument, however, are conclusory (*see, e.g.*, Am. Compl., Dkt. 41, ¶¶ 1, 17, 20, 45–46, 58), and merely point back to Plaintiff's concern that it will lose business to Glazzio (*id.* ¶¶ 89, 149; Pl.'s Reply, Dkt. 38, at 6–7).  Such allegations are insufficient to show a threat of irreparable harm. *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 38 (2d Cir. 1995) (no irreparable harm where lack of goodwill is doubtful); *Singas Famous Pizza Brands*

*Corp. v. N.Y. Adver. LLC*, No. 10-CV-8976 (RJH), 2011 WL 497978, at *6 (S.D.N.Y. Feb. 10, 2011) ("[C]onclusory statements of loss of reputation and goodwill constitute an insufficient basis for a finding of irreparable harm." (internal quotation marks omitted)), *aff'd*, 468 F. App'x. 43 (2d Cir. 2012) (summary order).  As discussed, to the extent Plaintiff loses customers to Defendant, Plaintiff will be able to calculate the damages for those loses, and thus an injunction would be inappropriate.  *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011) ("The District Court correctly found that any loss of goodwill would result from the Appellants' inability to continue operating their budget hotel business as they had in the past.  The long history of operation by both Appellants ensures that they will be able to calculate money damages for any loss of goodwill they may have suffered if a taking is found.").

Finally, the Court notes that Defendants have agreed to submit to a forensic search of their devices and turn over any confidential documents misappropriated from Plaintiff.  (*See* Dkt. 21 at 4; Dkt. 33 at 9.)  Aside from returning the allegedly misappropriated trade secrets, all of the other relief that Plaintiff seeks—such as the termination of vonRumpf and Armstrong and an injunction preventing Glazzio from opening a commercial division—seem wildly inappropriate.  Even where irreparable harm is shown, injunctions should be "narrowly tailored . . . to avoid unnecessary burdens on lawful commercial activity."  *Faiveley*, 559 F.3d at 119 (internal quotation marks omitted).

**CONCLUSION**

For the reasons explained above, Plaintiff's requests for a TRO and preliminary injunction hearing are denied.  Plaintiff's one-page request for expedited discovery (Pl's Mem., Dkt. 10, at 24) is also denied because Plaintiff has not shown a threat of irreparable injury and because the request is not reasonable under the circumstances.  Further, Plaintiff's motion to seal Exhibit 1 to the Supplemental Declaration of Wes Johnson (*see* Dkt. 39) is denied.  Every copy of that exhibit

4

submitted to the Court contains a roughly one-hour long video of a static image of a desktop where the clock at the bottom righthand corner reads 7:09 a.m. at both the beginning and end of the video, despite more than an hour passing in the interim. (See 07/15/2022 Docket Order.) The Court notes that even if that exhibit contained everything that Plaintiff alleges, that would not change the Court's analysis on the requests for a TRO, preliminary injunction hearing, or expedited discovery.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated:  July 22, 2022
        Brooklyn, New York