# WEINER LAW GROUP LLP

629 Parsippany Road
Parsippany, New Jersey 07054
P (973) 403-1100  F (973) 403-0010
www.weiner.law

JAY R. McDANIEL  
Member of the Firm

jmcdaniel@weiner.law

August 3, 2022

**VIA ECF**
Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201
Courtroom: 4F
Chambers: N 631

      RE:    **Tilebar v. Glazzio Tiles, et al.**
              **Civil Action No. 1:22-cv-03823**
              **Our File No. 24400**

Dear Judge Chen:

      This firm represents Defendant Jessica Armstrong ("Armstrong") in the above-referenced matter. Armstrong requests a pre-motion conference or briefing schedule for a motion to dismiss the Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(3) and (6). The Amended Complaint was filed on July 20, 2022. Pursuant to Your Honor's Individual Rules, Armstrong submits this pre-motion request in lieu of a responsive pleading.

      As identified in Armstrong's Brief in Opposition to Plaintiff's Order to Show Cause Seeking Temporary Restraints, TileBar's allegations against Armstrong in the initial complaint, heavily relied upon impermissible "group pleading." New York v. Mountain Tobacco Co., 55 F. Supp. 3d 301, 315 (E.D.N.Y. 2014). The FAC does not add any allegations that Armstrong was specifically "working together to plan, create, and implement a Glazzio business unit based off of TileBar's experience, information, knowhow, and goodwill." (Reply Br., Dkt 38, at 3 n. 2). Instead, TileBar has doubled-down on its group pleading. (Compare Compl. ¶ 1 with FAC ¶¶ 1; and Compl. ¶ 52 with FAC ¶ 55). "To satisfy even the most liberal pleading standards, a complaint [must] "allege the nature of each *particular* defendant's misconduct." United States ex rel. Yu v.

Grifols USA, LLC, No. 1:17-CV-2226-GHW, 2021 WL 5827047, at *13 (S.D.N.Y. Dec. 8, 2021) (emphasis in original).

These deficient allegations doom each of TileBar's claims. TileBar does not identify any specific confidential information that Armstrong possessed or misappropriated. (Compare FAC ¶¶ 149-54 with FAC ¶¶ 160-62). Thus, TileBar has not properly alleged a misappropriation claim against Armstrong. TRB Acquisitions LLC v. Yedid, No. 20-CV-0552 (JMF), 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021); ATS Grp., LLC v. Legacy Tank & Indus. Servs. LLC, 407 F. Supp. 3d 1186, 1200 (W.D. Okla. 2019)[1]; MTG Guarnieri Mfg., Inc. v. Clouatre, 2010 OK CIV APP 71, ¶ 13, 239 P.3d 202, 210.

The closest TileBar gets to alleging any claim against Armstrong is that she helped prepare a slide deck for Defendant vonRumpf's presentation to Defendant Glazzio. However, none of this presentation is confidential or "secret." TileBar has quoted heavily from this presentation and filed it publicly. While there was an attempt to redact some of the information from the presentation, the same information is repeated elsewhere in the same document. (Decl. of Matthew Wass, Exh. G, at 7). Even worse, TileBar filed another copy of the presentation that was entirely unredacted, confirming the deficient efforts to keep this information "secret." (Decl. of Wes Johnson, Exh. 6, at 7 ("Hire RSM $80,000[;] Hire 2 sales representatives . . . salary $90,000 5% commission[;] Hire fulltime marketing coordinator $85,000"). Moreover, it is unclear how an estimate of the compensation that might be paid to a sales representative hired by Glazzio had either come from Tilebar's files or would be confidential. Such an estimate is readily available through multiple public sources.

---

[1] Given TileBar's vague allegations of general wrongdoing, it is not clear whether New York or Oklahoma law would apply. Although it does not allege that Armstrong was in possession of any confidential information or trade secrets, TileBar does allege that she worked from her home in Oklahoma. Therefore, even if she were ever in possession of such information, she would have received and held this information in Oklahoma and Oklahoma law would apply. Ultimately, however, TileBar's allegations are deficient under either state's laws.

As TileBar has failed to allege both the existence of and the misappropriation of any confidential information or trade secret, its common law claims based upon the same actions also fail. See, e.g., Exec. Trim Constr., Inc. v. Gross, 525 F. Supp. 3d 357, 376 (N.D.N.Y. 2021); CTI Servs. LLC v. Haremza, 797 F. Supp. 2d 1257, 1261 (N.D. Okla. 2011); Lamda Sols. Corp. v. HSBC Bank USA, N.A., No. 1:21-CV-2259-GHW, 2021 WL 5772290, at *4 (S.D.N.Y. Dec. 6, 2021); Erikson v. BP Expl. & Prod. Inc., 567 F. App'x 637, 639 (10th Cir. 2014); Jeremias v. Toms Cap. LLC, 204 A.D.3d 498, 499, 167 N.Y.S.3d 459, 462 (1st Dep't, 2022); Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182, 944 N.E.2d 1104, 1111 (2011); Cherokee Nation v. McKesson Corp., 529 F. Supp. 3d 1225, 1240 (E.D. Okla. 2021).

Additionally, and alternatively, based upon the face of the complaint, venue in this Court is improper. While TileBar's allegations that Defendant Armstrong breached the Confidentiality Agreement are deficient, the Agreement filed by TileBar clearly states that any action to "enforce this Agreement shall be brought only in any state or federal court located in the state of New York, County of Nassau". (Decl. of Kerri DiGirolamo, Exh. E at 52). Where a selection clause specifies a limitation not to forum, but to venue, courts will frequently read the operative terms to impose a geographic limitation. See, e.g., Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009); City of Albany v. CH2M Hill, Inc., 924 F.3d 1306, 1308 (9th Cir. 2019). That is the case here: this Court is not located in the County of Nassau, but the agreement allows the action in "any" state or federal court in Nassau County.

In sum, TileBar has failed to allege a claim for relief against Defendant Armstrong and has done so in the wrong venue. Accordingly, the First Amended Complaint should be dismissed.

Respectfully submitted,
WEINER LAW GROUP LLP

cc: All Counsel of Record (via ECF)           By: /s/ Jay R. McDaniel
2400329_1                                           Jay R. McDaniel
                                                    A Member of the Firm