

Joel H. Rosner
Partner
212-216-1187
jrosner@tarterkrinsky.com

August 3, 2022

**Via ECF**
Hon. Pamela K. Chen
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

      Re:    *TileBar v. Glazzio Tiles*, **Case No.: 1:22-cv-03823-PKC-RML**

Dear Judge Chen:

      We represent Defendant Glazzio Tiles ("Glazzio") in the above-referenced action. We write pursuant to the Court's Individual Practices and Rules, in advance of Glazzio's August 3, 2022, deadline to respond to Plaintiff's Amended Complaint (Dkt. 41; "Am. Compl."), to request a pre-motion conference concerning Glazzio's contemplated motion to dismiss.

      This action involves allegations that Defendants vonRumpf and Armstrong, two former TileBar employees, possessed confidential information and trade secrets of TileBar when they joined Glazzio. Each of the individual defendants, who lived and worked in Oklahoma during their employment with TileBar, allegedly entered into confidentiality agreements with TileBar. *See* Am. Compl. ¶¶ 26-34. Those confidentiality agreements contain venue provisions requiring that suit be brought in a "state or federal court located in the state of New York, County of Nassau." (Declaration of Kerri DiGirolamo, dated June 29, 2022 (Dkt. 16), Ex. F § 7.) TileBar has not alleged the individual defendants have entered into any other restrictive covenants.

      With respect to Glazzio, TileBar's only factual allegation is that the individual defendants shared with Glazzio a presentation, created by vonRumpf and Armstrong while employed by TileBar. While TileBar asserts this presentation is based on, or contains, its confidential information and trade secrets, TileBar has belied this assertion by filing the presentation publicly on the docket.

      As a full discussion of all the grounds to dismiss the Amended Complaint would exceed the page limit, we summarize below some of the grounds for the contemplated motion to dismiss:

      <u>Pleading Standards</u>. The Amended Complaint is devoid of factual allegations to support TileBar's claims against Glazzio. A "plaintiff must plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[N]aked assertions devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements" are not sufficient to support a complaint. *Id.* at 678. Yet that is all TileBar has alleged. TileBar does not plead any facts showing that Glazzio has obtained any materials containing trade secrets or confidential information of TileBar, or that Glazzio has engaged in any action other than hiring two employees in the ordinary course of business. Instead, TileBar relies on only one conclusory allegations and speculative assertions unsupported by fact. Consequently, its claims against Glazzio must be dismissed.

Misappropriation of Trade Secrets and/or Confidential Information. TileBar's claims against Glazzio for violation of the Defend Trade Secrets Act,[1] common-law misappropriation of trade secrets[2], unfair competition, aiding and abetting the individual defendants' alleged breach of a duty of loyalty, and unjust enrichment are based on the assertion that Glazzio has misappropriated trade secrets and/or confidential information of TileBar. But TileBar has not plead any factual basis to give rise to a reasonable inference that Glazzio has, had, is using, or did use TileBar's purported trade secrets or confidential information. Despite TileBar conducting a forensic search of devices and reviewed data from screen monitoring software it uses to track its employees, TileBar has not pleaded facts showing that Glazzio has obtained its trade secrets or confidential information. TileBar contradicts its own claims of confidentiality of client identities by disclosing the identities of its major customers. *See* Am. Compl. ¶¶ 49, 51. The gravamen of TileBar's claim is that because Ms. VonRumpf and Ms. Armstrong allegedly possess its trade secrets and confidential information, so must their new employer. But a complaint cannot rest solely on the fact that a former employee joined a new employer; it must make "factual allegations as to [the new employer's] involvement in these activities." *R.R. Donnelley & Sons Co. v. Marino*, 505 F. Supp. 3d 194, 206 (W.D.N.Y. 2020).

TileBar's only factual allegation concerning Glazzio is that it received a presentation, "Glazzio Commercial 2022," from Ms. vonRumpf and Ms. Armstrong that allegedly was based on TileBar's trade secrets and confidential information but is nothing more than a high-level, non-confidential business plan. (Am. Compl. ¶¶ 113-17.) But TileBar has undercut its own allegations by choosing to file the presentation publicly on the docket without requesting sealing. *See* Exhibit 6 to Declaration of Wes Johnson, dated June 29, 2022 (Dkt. 14). TileBar's public filing of it waives any claim the presentation contains trade secrets. *Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004) (information filed publicly on the court's docket is publicly accessible and no longer confidential).

Tortious Interference. TileBar has failed to plead facts sufficient to support its claims for tortious interference with contract and tortious interference with prospective business advantage. TileBar asserts Glazzio has interfered with the confidentiality agreements it alleges it entered into with Ms. vonRumpf and Ms. Armstrong. (Am. Compl. ¶¶ 239-46.) But TileBar only pleads general and conclusory allegations that Glazzio encouraged the individual defendants to breach their confidentiality obligations. That is insufficient to plead TileBar's claim. *See*, *e.g.*, *Edelman v. U.S. Gov't*, No. 18-CV-2143, 2022 WL 2390987, at *6 (E.D.N.Y. July 1, 2022) (dismissing a

---

[1] The DTSA claim is the only basis on which TileBar claims there is subject matter jurisdiction. If that claim is dismissed against Glazzio, the Court should decline to exercise supplemental jurisdiction over the state-law claims and dismiss Glazzio from the suit.

[2] Common law claims for misappropriation are governed by Oklahoma law and preempted by the Oklahoma Uniform Trade Secrets Act. 78 OK Stat § 78-92 (2021).

tortious interference claim as implausible because it was based on "conclusory allegations . . . [that] lacked the specificity required to state a claim…"). TileBar's claim that Glazzio tortiously interfered with its potential business relations with customers and supplies is also deficient, as, among other problems, TileBar does not identify the relationships allegedly interfered with nor allege their injury. *See*, *e.g.*, *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 115 (2d Cir. 2010) (dismissing tortious interference claim for failure to identify the third parties whose relations allegedly were interfered with by plaintiff); *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 400 (2d Cir. 2006) (injury to business relationships is a required element of a tortious interference claim).

Nassau County Venue Provision. This Court directed the parties to address the Second Circuit's decision in *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009), with respect to the Nassau County forum selection clause in the confidentiality agreements. TileBar argued *Yakin* does not require the dismissal of its contract claims, citing *Androb Jewelry Services, Inc. v. Malca-Amit, USA LLC*, No. 16-cv-5171, 2017 WL 4712422 (S.D.N.Y. Sept. 25, 2017), which allowed a claim with a Nassau County venue provision to remain in federal court. Yet *Androb* if read properly, does not support venue in this Court. In *Androb*, an ambiguity [unpleaded here by TileBar] in a Nassau County venue provision was construed against the drafter who did not want to remain in Federal Court in this District. *Id.*, 2017 WL 4712422, at *8-9. Here, TileBar is the drafter, against whom the ambiguity will be construed and it cannot use this to remain in this Court. Consequently, under *Yakin*, the claims against the individual defendants can only be brought in the state court in Nassau County and should be dismissed from this action. However, the Amended Complaint seeks an order from the Court firing the individual defendants and not permitting them to be reemployed by Glazzio for 90 days. The individual defendants therefore are indispensable parties who need to, but cannot be joined under the Nassau County venue provision, requiring dismissal of this action under FRCP 19(a)(1) (a party is "required" and "must be joined" if, *inter alia*, "in that person's absence, the court cannot accord complete relief among existing parties" or if "disposing of the action in the person's absence may . . . impede the person's ability to protect the interest").

Impermissible Group Pleading. Armstrong's counsel previously noted that the Complaint contained impermissible group pleading. *See* Dkt. 34, at 2 (citing *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 315 (E.D.N.Y. 2014.) The Amended Complaint, filed subsequently, fails to address these group pleading deficiencies. TileBar's lump pleading of actions by "Defendants" without distinguishing Glazzio's role, if any, e.g., ¶¶ 56, 61, 62, 188-91, 193-95, 204, 206-07, 209-11, 213-19, 258, 264, requires dismissal as it violates Rule 8, which "requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (quotation omitted).

For these reasons, in addition to the other flaws in the Amended Complaint, Glazzio seeks a conference to discuss a motion to dismiss. We thank the Court for its attention to the matter.

Respectfully,

Joel H. Rosner