UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TILEBAR, formally known as SOHO STUDIO, LLC,

   Plaintiff,

- against -

GLAZZIO TILES, formally known as DEUTSCH IMPORTS, LLC; GABRIELLE VONRUMPF; and JESSICA ARMSTRONG,

   Defendants.

Case No. 22-cv-03823-PKC-RML

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT**
<u>**GABRIELLE VONRUMPF'S MOTION TO DISMISS**</u>

## **TABLE OF CONTENTS**

                                                                                                                                                                        Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

**I.**     VENUE IS IMPROPER ............................................................................................. 2

**II.**    PLAINTIFF DOES NOT ALLEGE ANY DAMAGES ........................................... 5

**III.**   PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF
        LAW ............................................................................................................................ 9

CONCLUSION ........................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A.V.E.L.A., Inc. v. Est. of Marilyn Monroe*,
  LLC, 241 F. Supp. 3d 461 (S.D.N.Y. 2017) ..............................................................................8

*Baker v. Health Mgmt. Sys.*,
  98 N.Y.2d 80 (2002) ................................................................................................................6

*Bancorp Servs., LLC v. Am. Gen. Life Ins. Co.*,
  2016 WL 4916969 (S.D.N.Y. Feb. 11, 2016) ..........................................................................5

*Barnet v. Drawbridge Special Opportunities Fund LP*,
  2014 WL 4393320 (S.D.N.Y. 2014) ..................................................................................9, 10

*Campbell v. Whole Foods Mkt. Grp., Inc.*,
  516 F. Supp. 3d 370 (S.D.N.Y. 2021) ....................................................................................10

*Cooper v. Anheuser-Busch, LLC*,
  553 F. Supp. 3d 83 (S.D.N.Y. 2021) ........................................................................................9

*Erickson v. Pardus*,
  551 U.S. 89 (2007)(per curiam) ...............................................................................................7

*Evolution Online Sys., Inc. v. Koninklikje PTT Nederland N.V.*,
  145 F.3d 505 (2d Cir. 1998) .....................................................................................................2

*Hooper Assoc. v. AGS Computers*,
  74 N.Y.2d 487 (1989) ..............................................................................................................6

*M/S Bremen v. Zapata Off–Shore Co.*,
  407 U.S. 1 (1972) .....................................................................................................................3

*Martinez v. Bloomberg LP*,
  740 F.3d 211 (2d Cir. 2014) .....................................................................................................2

*Mighty Midgets v. Centennial Ins. Co.*,
  47 N.Y.2d 12 (1979) ................................................................................................................6

*Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*,
  102 F.3d 660 (2d Cir. 1996) .....................................................................................................9

*Palmer v. Amazon.com, Inc.*,
  498 F. Supp. 3d 359 (E.D.N.Y. 2020) .....................................................................................7

*Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*,
 2014 WL 12769275 (E.D.N.Y. Sept. 17, 2014) ........................................................................6

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*,
 813 F. Supp. 2d 489 (S.D.N.Y. 2011)........................................................................................7

*Renaissance Nutrition, Inc. v. Burkard*,
 2013 WL 1855767 (W.D.N.Y. Apr. 11, 2013) ..........................................................................4

*WindServe Marine, LLC v. US Workboats, LLC*,
 2021 WL 5749827 (E.D.N.Y. Apr. 26, 2021) ...........................................................................2

*Yakin v. Tyler Hill Corp.*,
 566 F.3d 72 (2d Cir. 2009)................................................................................................1, 3, 4

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................................1, 2, 7, 10

Rule 12(b)(3)................................................................................................................1, 2, 3

vonRumpf[1] respectfully submits this reply memorandum of law in further support of her motion for an order (i) dismissing TileBar's Amended Complaint based on a valid forum selection clause, or alternatively, (ii) pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Counts III, V, VII, IX, and X of the Amended Complaint for failure to state a claim; and (iii) granting vonRumpf such other and further relief as this Court may deem just and proper (the "Motion").

## PRELIMINARY STATEMENT

Plaintiff's opposition fails to rebut that this action was clearly commenced in the wrong venue. Plaintiff again improperly relies upon *Androb*, a case which this Court has already acknowledged is not binding on this Court and is distinguishable in numerous respects. It also relies on a second case, *Carematrix*, which is even more inapposite. As demonstrated in the moving papers, *Yakin v. Tyler Hill Corp.,* 566 F.3d 72 (2d Cir. 2009) is binding on this Court and clearly mandates that this Court effectuate the parties' commitment to trial in Nassau County as articulated in Section 7 of the Confidentiality Agreement. Recognizing the weakness of its position on venue, Plaintiff seeks to take advantage of what it perceives to be a procedural flaw – that the motion was made under Rule 12(b)(3). This argument is a red herring because, as Plaintiff acknowledges, this Court may consider this motion one to dismiss on *forum non conveniens* grounds (or under Rule 12(b)(6)). Plaintiff also offers its consent to transfer this action to the Islip Courthouse, but that has no relevance to whether venue is proper.

With respect to the lack of damages, Plaintiff claims that it is now seeking disgorgement, which is a theory found nowhere in the Amended Complaint. Plaintiff also claims, without any support whatsoever, that it is entitled to recover investigatory fees. Such amounts are plainly not

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in vonRump's memorandum of law, dated October 18, 2022.

1

recoverable on Counts III, V, VII, IX, and X under the law. Plaintiff then argues that it is entitled to recover "all compensatory, consequential and exemplary damages associated with the harm caused by Glazzio's entry into the commercial market by using and usurping TileBar information, documents, resources and goodwill." But it is undisputed that Plaintiff's Amended Complaint acknowledges that Glazzio has not entered the market. Indeed, Plaintiff does not allege that it lost a single sale or customer as a result of vonRumpf's conduct.

Finally, Plaintiff fails to rebut that its unjust enrichment claim is fatally duplicative. Plaintiff pleads the same alleged wrongs and seeks the same alleged damages on its contract and unjust enrichment claims. That is the definition of a duplicative claim.

For all the reasons stated herein and in vonRumpf's Motion, vonRumpf respectfully requests that the Court dismiss this action as against vonRumpf.

## I.     VENUE IS IMPROPER

Plaintiff's Amended Complaint should be dismissed entirely for the simple reason that this lawsuit was filed in an improper venue.

First, Plaintiff argues that "there cannot be a Rule 12(b)(3) dismissal simply because of a forum-selection clause." (Opp., at 14.) This argument is a red herring because, as Plaintiff concedes in its opposition, this Court can simply consider this a motion to dismiss based on the doctrine of *forum non conveniens* in light of the enforceable venue selection clause. *See* Opp., at 14; *Martinez v. Bloomberg LP*, 740 F.3d 211 (2d Cir. 2014); *WindServe Marine, LLC v. US Workboats, LLC*, 2021 WL 5749827 (E.D.N.Y. Apr. 26, 2021).[2]

---

[2] Alternatively, this motion may be considered a motion to dismiss under Rule 12(b)(6). *See Evolution Online Sys., Inc. v. Koninklikje PTT Nederland N.V.*, 145 F.3d 505, 508 (2d Cir. 1998).

Here, Plaintiff commenced this action in an improper venue in violation of the unambiguous forum selection clause contained in Section 7 of the Confidentiality Agreement. *See* Joelson Dec., Ex. B, 7. Indeed, in *Atl. Marine Const. Co.* – a case relied upon by Plaintiff – the Supreme Court held that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const. Co.*, 571 U.S. at 62. Thus, whether through dismissal pursuant to Rule 12(b)(3) or through the doctrine of *forum non conveniens*, the parties' agreed upon forum selection clause should be enforced. *See M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10 (1972) (forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances").

Second, Plaintiff argues that "TileBar continues to maintain that *Androb* and *Carematrix* are directly on point and that Defendants have failed to identify any meaningful reasons not to follow these precedents." (Opp., at 15.) Plaintiff neglects to offer any reasons as to why *Androb* is "directly on point" beyond those already addressed by vonRumpf in her moving papers. Therefore, vonRumpf relies on its previous arguments as to why *Androb* is not "dispositive," including but not limited to the fact that *Yakin* – and **not** *Androb* – is binding on this Court. While Plaintiff argues that "the *Yakin* clause was only about the geographical location of the proceeding," Section 7 of the Confidentiality Agreement, like the clause in *Yakin*, also specifies Nassau County as the agreed upon venue. *See* Joelson Dec., Ex. B, 7. Thus, the parties unambiguously agreed by contract to litigate disputes relating to the Confidentiality Agreement in Nassau County and Nassau County only.

3

Like *Androb*, *Carematrix* is also not binding on this Court. Additionally, *Carematrix* was decided before *Yakin*, and is therefore of limited utility. Most importantly, "[a]t the time the Purchase Agreement [containing the venue selection clause at issue in *Carematrix*] was drafted and signed, there was a federal court sitting in Uniondale, Nassau County, New York." *Carematrix*, 2006 WL 8439674, *2 (E.D.N.Y. June 21, 2006). Thus, permitting the case to proceed in federal court in Suffolk County was deemed to "give effect to the intent of the parties at the time of drafting and executing the Purchase Agreement." *Id.*, *3. In contrast, at the time that the Confidentiality Agreement at issue in the instant matter was drafted, there was no courthouse located in Nassau County. This is a critical distinction between this case and *Carematrix*. What is more, *Carematrix* even acknowledged "the weight of legal authority to the contrary" of its decision. *Id.*, *2.

In sum, the only reasonable interpretation of Section 7 of the Confidentiality Agreement is that the parties chose Nassau County for trial. *See Renaissance Nutrition, Inc. v. Burkard*, 2013 WL 1855767, at *5 (W.D.N.Y. Apr. 11, 2013), *report and recommendation adopted,* 2013 WL 1855785 (W.D.N.Y. Apr. 30, 2013) ("since there is no federal district court located in the designated forum, the only logical interpretation "admits of no other result than that the courts of [Blair] County are the exclusive forum in which the parties may obtain adjudication under their contract"). Further, as recognized by *Androb*, venue selection clauses "should be construed against their drafters" (*Androb Jewelry Service, Inc.*, 2017 WL 4712422, *5), and there is no dispute that the clause here was drafted by the Plaintiff.

On this basis alone, Plaintiff's Amended Complaint should be dismissed.[3]

---

[3] In a last-ditch attempt to avoid dismissal, Plaintiff states that "TileBar does not oppose and will consent to transfer to the EDNY's Long Island Division Court, now situated in Suffolk County." (Opp., 19.) Plaintiff admits that "because reference to 'Nassau County' in the forum-selection clause might suggest that the parties intended for a case like this one to be deemed a federal 'Long Island Case,' TileBar does not oppose transfer to the Central Islip courthouse." (*Id.*,

4

## II. PLAINTIFF DOES NOT ALLEGE ANY DAMAGES

As demonstrated in the moving papers, Counts III, V, VII, IX, and X for unfair competition, breach of contract, breach of the duty of loyalty, tortious interference with prospective economic advantage and unjust enrichment, respectively, should be dismissed as against vonRumpf because Plaintiff has not, and cannot, allege to have suffered any actual damages. In its opposition, Plaintiff claims that "[t]he FAC more than sufficiently pleads, at least, three categories of damages resulting from Defendants' misconduct." (Opp., at 34.) However, each of these categories of damages are facially invalid for the reasons explained below.[4]

First, Plaintiff argues that "TileBar may recover all compensation, remuneration and benefits that the Individual Defendants received during their disloyalty period when they were perpetrating the misappropriation scheme while still employed and paid by TileBar." (*Id.* at 34.) However, Plaintiff's Amended Complaint does not seek recovery of any of these items. Rather, the Amended Complaint merely seeks "compensatory and consequential damages" (Amended Complaint, ¶ 218), "substantial monetary damages" (*id.*, ¶ 237) and "significant damages" (*id.*, ¶ 252). And on the unjust enrichment cause of action, the only alleged enrichment for vonRumpf is "favorable terms and conditions of employment from Glazzio as a reward for procuring for Glazzio TileBar's confidential and proprietary information." *Id.*, ¶ 263.[5] Further, this theory would only

---

20.) However, the reference to Nassau County clearly shows that the parties intended for a case like this to be heard specifically in Nassau County only. The parties could have contracted for "Nassau or Suffolk County" or a "Long Island venue" if so intended.

[4] Plaintiff argues, generally, that it has sufficiently pled damages because "at the pleading stage, TileBar need only plead allegations from which damages attributable to defendant's [misconduct] might be reasonably inferred." (Opp., at 3-4.) (*citing Bancorp Servs., LLC v. Am. Gen. Life Ins. Co.*, 2016 WL 4916969, at *6 (S.D.N.Y. Feb. 11, 2016)). *Bancorp* is, however, easily distinguishable because, in that case, the plaintiff alleged that "absent AGL's alleged breach of the 2010 NDA, Plaintiffs would have gained hundreds of millions of dollars in fees from sales and licensing of the Addle SVP wrap." *See Bancorp*, 2016 WL 4916969, at *6. Here, Plaintiff's allegations do not come close to those in *Bancorp*, as Plaintiff only vaguely alleges the *threat* of *future harm* associated with the impending launch of Glazzio's commercial division and does not identify or quantify any alleged losses actually incurred to date.

[5] Further, the "terms and conditions of employment form Glazzio" are not at Tilebar's expense anyway.

apply to Count VII for breach of duty of loyalty.

<u>Second</u>, without citation to any authority whatsoever, Plaintiff argues that "TileBar is entitled to all costs and expenses incurred as a result of having to investigate Defendants' misconduct and arrange for the retrieval and return of all misappropriated TileBar property and documents." (*Id*.) Presumably, Plaintiff is referring to the forensic analysis allegedly performed on vonRumpf's laptop. (*see* Compl., ¶¶ 145 - 154.). *See also* Opp., at 2 ("TileBar has expended considerable sums to conduct pre-discovery investigation that has uncovered Defendants' misappropriation of substantial TileBar trade secrets and confidential information"). This argument fails outright because this type of damages is not recoverable under a breach of contract theory – and TileBar does not cite to any cases that indicate otherwise (or any cases at all). *See Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 2014 WL 12769275, at *11 (E.D.N.Y. Sept. 17, 2014) (holding that "investigative and forensic evidence gathering costs" are "not recoverable as contract damages").

Such "damages" are akin to seeking recovery for expert's fees or attorneys' fees. However, under black letter law, those amounts are not recoverable on the common law causes of action at issue on this motion. "[I]t has now long been the universal rule in this country not to allow a litigant to recover damages for the amounts expended in the successful prosecution or defense of its rights." *Mighty Midgets v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21-22 (1979). *Baker v. Health Mgmt. Sys.*, 98 N.Y.2d 80, 88 (2002) ("The American Rule provides that 'attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule"). "Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule." *Hooper*

6

*Assoc. v. AGS Computers*, 74 N.Y.2d 487, 491 (1989). Nor are such investigative fees amounts by which vonRumpf was "enriched."

Third, Plaintiff argues that "TileBar is also entitled to all compensatory, consequential and exemplary damages associated with the harm caused by Glazzio's entry into the commercial market by using and usurping TileBar information, documents, resources and goodwill." (Opp., at 35.) This argument fails because, by Plaintiff's own admission, Glazzio's "entry into the commercial market" had not yet occurred when this action was commenced. *See* Compl. at ¶¶ 152-155, 167, 170-172. Plaintiff attempts to avoid dismissal by relying on the allegation that the "Individual Defendants have already assured Glazzio that they are bringing to Glazzio's commercial division $600,000 in business from their TileBar relationships as is stated in the Glazzio Commercial Division Business Plan." (Opp., at 35.) However, paragraph 124 of the Amended Complaint – as cited by Plaintiff – alleges that "vonRump was committing to Glazzio that [] Glazzio *would be able to* capture at least $600,000 in sales." Plaintiff does not allege that Glazzio *did* capture at least $600,000 in sales due to vonRumpf's alleged misconduct. Like the rest of Plaintiff's allegations, this is merely a statement of a threat of *future* harm as opposed to "already-incurred harm." *See Palmer v. Amazon.com, Inc.*, 498 F. Supp. 3d 359, 375 (E.D.N.Y. 2020).[6]

Indeed, the case cited by Plaintiff – *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d 489, 523 (S.D.N.Y. 2011) – shows the insufficiency of Plaintiff's damages claim. In *Pure Power*, the defendants had already opened a competing fitness studio. In

---

[6] Plaintiff also disingenuously claims that "vonRumpf does not contest that she breached the Confidentiality Agreement." (Opp., at 30) and "vonRumpf does not contest that she breached her duty of loyalty to TileBar." (Opp., at 32.). These statements are meritless, made in bad faith and ignore the standard on a Rule 12(b)(6) motion to dismiss whereby the Court must take as true the allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)(per curiam). vonRumpf simply did not make a motion to dismiss on those issues, but certainly does not concede or "admit" any liability or wrongdoing.

7

contrast, Plaintiff here has not alleged vonRumpf's purported misappropriation caused any actual injury to Plaintiff. Indeed, Plaintiff has not alleged a single lost customer or supplier due to vonRumpf's alleged solicitation "based off of the misappropriated information, resources and strategies that originated with TileBar." (*Id*. at ¶ 176.)

With respect to the tortious interference claim, vonRumpf demonstrated in the moving papers that such claim should be dismissed because Plaintiff does not (and cannot) allege that vonRumpf's alleged conduct caused the severance of any of TileBar's business relationships. Plaintiff misleadingly argues that it "sufficiently pleads in Count IX a tortious interference with prospective economic advantage claim" because "[t]o state a claim for intentional interference with prospective economic advantage, a plaintiff need only identify interference with a specific business relationship." Opp., at 31; *see A.V.E.L.A., Inc. v. Est. of Marilyn Monroe*, LLC, 241 F. Supp. 3d 461, 486 (S.D.N.Y. 2017). However, *A.V.E.L.A.* specifically states that *injury* to Plaintiff's business relationships is a necessary element of a tortious interference with prospective economic advantage claim. *Id*. at 485-86 ("To state a claim for intentional interference with prospective economic advantage" under New York law, a party must allege that […] **the defendants' acts injured the relationship**") (emphasis added.) Indeed, *A.V.E.L.A.* also states "[a] plaintiff must also establish causation by demonstrating that she 'would have entered into an economic relationship but for the defendant's wrongful conduct.'" *Id*. Here, Plaintiff's allegation that a supplier informed TileBar that vonRumpf had "contacted her a few weeks prior" (Opp., at 31) is blatantly insufficient to demonstrate causation *or* injury – warranting dismissal of Count IX.

Thus, Counts III, V, VII, IX, and X fail as a matter of law and should be dismissed.

### III. PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS AS A MATTER OF LAW

As demonstrated in the moving papers, Plaintiff's unjust enrichment claim should be dismissed as against vonRumpf because it is duplicative of Plaintiff's breach of contract claim.

Relying on *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 115 (S.D.N.Y. 2021), Plaintiff argues that it properly pled unjust enrichment as an alternative to its other claims. However, in *Cooper*, the court actually found that plaintiffs' claim for unjust enrichment could not proceed for being duplicative because, like here, "the unjust enrichment claim is premised on the same factual allegations as those supporting [p]laintiffs' other claims, and [p]laintiffs have not alleged distinct damages with respect to this claim." 553 F. Supp. 3d at 115. *See id.* at 115 ("An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim").

Plaintiff also relies on *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660 (2d Cir. 1996), arguing that it should be entitled to maintain its unjust enrichment claim "especially since the Defendants (to varying degrees) challenge the legal sufficiency of those claims." (Opp., at 7.) *Newman* is inapposite, as the Second Circuit found plaintiff's unjust enrichment claim was properly pled as an alternative to the breach of contract claim where "[t]he question of Asplundh's liability under this contract is a disputed issue which is not appropriately resolved on a 12(b)(6) motion." 102 F.3d 660, 662. Here, vonRumpf has not disputed the enforceability of the Confidentiality Agreement and Plaintiff does not plead the claims in the alternative. *See* Compl., ¶ 240; *see also* Joelson Decl., Exhibit B.

Plaintiff's reliance on *Barnet v. Drawbridge Special Opportunities Fund LP*, 2014 WL 4393320 (S.D.N.Y. 2014) is similarly misplaced. While the Southern District held "unjust enrichment may be pleaded in the alternative to other claims", it clearly noted that "an unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract

9

or tort claim" and "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Id* at *22. Here, Plaintiff's unjust enrichment claim is plainly duplicative of its breach of contract claim, as both are premised on vonRumpf's alleged procurement and use of TileBar's confidential information in violation of TileBar's Confidentiality Agreement. (Compl., ¶¶ 234, 262.) and both claims seek damages resulting from vonRumpf's alleged "illicit" conduct. (*Id*., ¶¶ 237, 264.) *See Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 394 (S.D.N.Y. 2021) (dismissing plaintiff's unjust enrichment claim as duplicative as it "relies on the same factual allegations and the same theory of liability" as Plaintiff's other theories of recovery").

Thus, Plaintiff's unjust enrichment claim fails as a matter of law and should be dismissed.

## CONCLUSION

For all the foregoing reasons, vonRumpf respectfully requests that this Court grant the Motion and enter an order (i) dismissing the Amended Complaint for improper venue, or alternatively, (ii) pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Counts III, V, VII, IX, and X of the Amended Complaint for failure to state a claim; and (iii) granting Defendant vonRumpf such other and further relief as this Court may deem just and proper.

Dated: December 9, 2022        **AKERMAN LLP**

*s/ Benjamin R. Joelson*
Benjamin R. Joelson
Tara L. Raghavan
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Tel. (212) 880-3800
Fax (212) 880-8965
Benjamin.joelson@akerman.com

10

Thomas G. Pasternak (admitted *pro hac vice*)
71 South Wacker Drive
47th Floor
Chicago, Illinois 60606
(312) 634-5700
thomas.pasternak@akerman.com

*Attorneys for Defendant
Gabrielle vonRumpf*