UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TILEBAR, formally known as SOHO STUDIO, LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>GLAZZIO TILES, formally known as DEUTSCH IMPORTS, LLC; GABRIELLE VONRUMPF; and JESSICA ARMSTRONG,<br><br>                Defendants. | Case No. 1:22-cv-03823-PKC-RML<br><br>Assigned to:<br>Judge Pamela K. Chen<br>Magistrate Judge Robert M. Levy |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT GLAZZIO TILES' MOTION TO DISMISS THE AMENDED COMPLAINT

 

David N. Kleinmann
Joel H. Rosner
TARTER KRINSKY & DROGIN LLP
1350 Broadway – 11th Floor
New York, New York 10018
(212) 216-8000
dkleinmann@tarterkrinsky.com
jrosner@tarterkrinsky.com

*Attorneys for Defendant*
*Glazzio Tiles, formally known as*
*Deutsch Imports, LLC*

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | ARGUMENT: THE CLAIMS AGAINST GLAZZIO SHOULD BE DISMISSED WITH PREJUDICE | 1 |
|  | A. TileBar's Misappropriation Claims Should be Dismissed | 1 |
|  |    1. The Glazzio Commercial 2022 Presentation is Not Confidential or a Trade Secret | 2 |
|  |    2. Armstrong's Portfolio of Work is Not Confidential or a Trade Secret | 2 |
|  |    3. The Milestone Price List is not Confidential or a Trade Secret | 5 |
|  |    4. TileBar's Speculation That Its "Landed Cost" Document was Shared with Glazzio | 7 |
|  | B. TileBar's Other Claims Should Also be Dismissed | 8 |
|  | C. TileBar Does Not Plead Glazzio has Caused It Any Damages | 9 |
|  | D. Glazzio Must be Dismissed Under the Venue Selection Provision Because vonRumpf and Armstrong are Indispensable Parties | 9 |
| III. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Androb Jewelry Serv., Inc. v. Malca-Amit USA, LLC*,
   No. 16-CV-5171, 2017 WL 4712422 (S.D.N.Y. Sept. 25, 2017)..........................9, 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................7

*Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*,
   692 F.3d 42 (2d Cir. 2012)...................................................................................10

*Beverage Mktg. USA, Inc. v. South Beach Beverage Co., Inc.*,
   873 N.Y.S.2d 84 (App. Div. 2009)........................................................................5

*Carematrix of Massachusetts, Inc. v. Kaplan*,
   No. CV-05-3173, 2006 WL 8439674 (E.D.N.Y. June 21, 2006) ...........................10

*Colliton v. Bunt*,
   709 Fed. App'x 82 (2d Cir. 2018)..........................................................................3

*Cosmos Forms, Ltd. v. American Computer Forms, Inc.*,
   596 N.Y.S.2d 862 (App. Div. 1993)......................................................................6

*DistributorsOutlet.com, LLC v. Glasstree, Inc.*,
   No. 11-CV-6079-PKC, 2016 WL 1273229 (E.D.N.Y. Mar. 31, 2016)................3, 7

*Gambale v. Deutsche Bank AG*,
   377 F.3d 133 (2d Cir. 2004)..................................................................................2

*In Touch Concepts, Inc. v. Cellco Partnership*,
   949 F. Supp. 2d 447 (S.D.N.Y. 2013)...................................................................9

*Kalnit v. Eichler*,
   264 F.3d 131 (2d Cir. 2001)..................................................................................8

*Laface v. E. Suffolk Boces*,
   349 F. Supp. 3d 126 (E.D.N.Y. 2018) ...................................................................9

*LinkCo, Inc. v. Fujitsu Ltd.*,
   230 F. Supp. 2d 492 (S.D.N.Y. 2002).................................................................4, 8

*Midsummer Fin. Prods., Inc. v. Rapid Filing Servs., LLC*,
   No. 600425/06, 2006 WL 3833658 (N.Y. Sup. Ct. 2006)......................................2

*Midwest Railcar Corp. v. Everest Railcar Servs., Inc.*,
    No. 16 Civ. 604, 2017 WL 1383765 (S.D.N.Y. April 13, 2017)............................................6, 7

*Yakin v. Tyler Hill Corp.*,
    566 F.3d 72 (2d Cir. 2009)............................................................................................9, 10

I.  **PRELIMINARY STATEMENT**

TileBar's[1] over-exaggeration of the value of the documents it claims Glazzio has misappropriated reveals the weakness of its claims. TileBar cannot manufacture trade secrets from documents and information it has willingly published in the public domain or convert marketing via catalog into a trade secret. There simply are no allegations of fact in the Amended Complaint showing Glazzio obtained or used any TileBar trade secret or did anything other than hire two employees in the ordinary course. Accordingly, the claims against Glazzio should be dismissed.

II. **ARGUMENT: THE CLAIMS AGAINST GLAZZIO SHOULD BE DISMISSED WITH PREJUDICE**

   A. **TileBar's Misappropriation Claims Should be Dismissed**

TileBar's opposition to the motion to dismiss does not refute Glazzio's demonstration that TileBar failed to allege facts showing Glazzio misappropriated any documents containing trade secrets or confidential information. While TileBar continues to claim Glazzio misappropriated the Glazzio Commercial 2022 presentation, and now also claims Glazzio obtained two other, purportedly secret and confidential documents—a portfolio of Armstrong's design work during her career and a third-party supplier's price list—it has not shown any of these documents contain its confidential information or trade secrets, nor has it alleged facts in the Amended Complaint to support such a contention. Indeed, the supplier's price list is not mentioned at all in the Amended Complaint. TileBar now also falsely asserts it alleged Glazzio obtained an internal TileBar price list, but it does not point to a single allegation in the Amended Complaint where it made that claim. As TileBar cannot show Glazzio misappropriated any TileBar trade secrets or confidential information, the Amended Complaint should be dismissed.

---

[1] Capitalized terms have the same meaning here as in Glazzio's moving papers.

1. <u>The Glazzio Commercial 2022 Presentation is Not Confidential or a Trade Secret</u>

TileBar continues to claim, absent support, that the Glazzio Commercial 2022 presentation contains TileBar's confidential information and trade secrets. But the Glazzio Commercial 2022 presentation is no more than a high-level discussion document that does not contain any information which could possibly be considered as confidential or a trade secret and, moreover, the public filing of that presentation in this case more than five months ago negates any claim the information in the presentation is secret. (Johnson Decl., Ex. 6.) *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("[H]owever confidential [information] may have been beforehand, subsequent to publication it was confidential no longer."); *Midsummer Fin. Prods., Inc. v. Rapid Filing Servs., LLC*, No. 600425/06, 2006 WL 3833658, at *2 (N.Y. Sup. Ct. 2006) (dismissing misappropriation claim because the allegedly secret information is publicly accessible on plaintiff's website). TileBar does not identify any aspect of the presentation that ever was secret or confidential, nor does it explain how any claim of secrecy or confidentiality can survive in view of its voluntary decision to publicly file the complete presentation.

2. <u>Armstrong's Portfolio of Work is Not Confidential or a Trade Secret</u>

TileBar tries to concoct a claim out of the fact Armstrong shared a portfolio containing samples of her <u>design</u> work to Glazzio, arguing, based only on the conclusory declaration of its counsel, that the portfolio contains "branding and marketing techniques" that are confidential or trade secrets, and also contains confidential information and trade secrets because the design work included on a couple of pages was for future work that was not yet released at the time it was shown to Glazzio. *See* Opp. Mem., Dkt. 63, at 9-10; Declaration of Daniel D. Edelman, dated Nov. 21, 2022 (Dkt. 62) ("Edelman Decl."), ¶ 31.) The Court should reject these baseless claims.

First, TileBar did not allege facts supporting any of these claims in the Amended Complaint. It alleged Armstrong showed Glazzio a portfolio of her design work, including work

for Tilebar, but it did not claim anything in the portfolio was secret or confidential. (Amended Complaint ¶ 83.) (As TileBar did not make this allegation in the Complaint, but rather added it to the Amended Complaint after Armstrong stated in her declaration that she showed a portfolio of her past work to Glazzio, it appears Armstrong's declaration is the only basis for this allegation. However, Armstrong stated the portfolio contained only publicly released TileBar materials. (*Compare* Complaint *with* Amended Complaint; Armstrong Decl. ¶ 38.)

As TileBar did not allege any facts about the confidentiality or secrecy of the portfolio in the Amended Complaint, it cannot add them now through factual assertions made in opposition to Glazzio's motion, and certainly not by factual assertion by its counsel. "[B]ecause it is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss . . . the Court must disregard the affidavit." *DistributorsOutlet.com, LLC v. Glasstree, Inc.*, No. 11-CV-6079-PKC, 2016 WL 1273229, at *6 n.13 (E.D.N.Y. Mar. 31, 2016) (quotations omitted); *see also Colliton v. Bunt*, 709 Fed. App'x 82, 83 (2d Cir. 2018) ("The district court did not err when it declined to consider Colliton's affidavit submitted in opposition to the defendants' motions to dismiss since, generally, courts cannot consider new factual assertions in an affidavit submitted in opposition to a motion to dismiss.") (citing *Faulkner v. Beer*, 463 F.3d 130, 134 n.1 (2d Cir. 2006)).

Second, the portfolio is nothing more than Armstrong's design resume intended to present a "snapshot of [her] skills." (Reply Declaration of Joel H. Rosner ("Rosner Reply Decl."), Ex. A; Dkt. 57, Ex. 8, at 2.) The supposedly sensitive "techniques" claimed by TileBar are no more than generic marketing concepts, such as, "TileBar's ecommerce presence relies on both imagery and the descriptive content for each individual product," and, "TileBar has started a seasonal catalog series that is issued twice each year to coincide with tradeshow participation." (Dkt. 57 at 6.) That is, TileBar's claim is that the use of a seasonal catalog and descriptions and pictures of products

3

(both of which it publishes on its own website[2])—"techniques" used in "branding and marketing" since at least 1887, when Sears issued its first catalog[3]—are trade secrets. Other techniques referenced in the portfolio, such as, "We provide SEO-driven content for TileBar's blog," and "Working to create the 2022 show experience that will include graphics, catalog, and print and digital marketing collateral," are equally banal. (*Id.* at 5-6.) "It is well-established that marketing concepts . . . are not considered trade secrets." *LinkCo, Inc. v. Fujitsu Ltd.*, 230 F. Supp. 2d 492, 499-500 (S.D.N.Y. 2002).

Third, the design work at issue, which consists of graphic designs of a catalog cover and trade show booths, is not confidential or a trade secret because it was intended to be, and was, released to the public prior to this lawsuit being filed. The "Hospitality and Design conference" for which these designs were intended took place April 26-28, 2022.[4] TileBar put up its booth at that trade show making it available to the public. TileBar published photos and videos on its Instagram page in April and May 2022 of both its booth and catalog. (Rosner Reply Decl. ¶ 3 & Ex. B.) TileBar also made the full catalog publicly available on TileBar's own site, where its past catalogs are also available. Having publicly disclosed the designs of its trade show booth and catalog, TileBar has no good-faith claim they are secret. "[T]here can be no trade secret protection, as a matter of law, if the secrecy is necessarily lost when the design or product is placed on the market." *LinkCo*, 230 F. Supp. 2d at 498. TileBar's claim it was somehow damaged in March before these designs were disclosed to the public also fails, as the lack of protection applies to designs intended for public release even before they are released. *Id.* at 498-99.

---

[2] https://www.tilebar.com/media/wysiwyg/Navigation-Images/spring-summer-2022-catalog-v4.pdf.
[3] *See* http://www.searsarchives.com/catalogs/chronology.htm; https://www.hursthistory.org/uploads/1/0/7/0/107013873/sears_catalog_ppt.pdf.
[4] *See* https://hdexpo.hospitalitydesign.com/wp-content/uploads/2021/12/2022-HD-Expo-Prospectus_12.20.pdf.

Lastly, TileBar does not claim that Glazzio has made any use of those designs, could make use of them, is threatening to do so, or that this has caused damage. *Beverage Mktg. USA, Inc. v. South Beach Beverage Co., Inc.*, 873 N.Y.S.2d 84, 85 (App. Div. 2009) (dismissing claim for misappropriation of marketing information, as defendant had not used the information and it was available in the marketplace.)

3. <u>The Milestone Price List is not Confidential or a Trade Secret</u>

TileBar also argues an old price list provided to it by Milestone, a third-party supplier, should be deemed a TileBar trade secret or confidential information. *See* Rosner Reply Decl., Ex. C; Dkt. 57, Ex. 7.) But as with Armstrong's portfolio, TileBar has not alleged any facts supporting this claim in the Amended Complaint. That is, the Amended Complaint does not allege the price list or discount from April 2022 is current[5] or is a trade secret of TileBar—it does not even mention the Milestone list. Even if TileBar had made such allegations, they would not avail, as the Milestone list was not current and does not belong to TileBar.

Glazzio's transmittal email to TileBar stated, "[w]e . . . understand that MileStone updates its pricing on a regular basis, as often as weekly or more, so this price list was only a snapshot of pricing available at a particular time. This price list expired soon after Glazzio received it, as it was replaced, at the latest, by May 9, 2022, when MileStone changed its prices." (Edelman Decl., Ex. Z.) TileBar does not dispute that Milestone regularly updates its pricing yet proceeds as if the April pricing never changed. The Milestone price lists obtained by Glazzio show the prices were updated on at least May 9, 2022, and October 30, 2022, eliminating any possibility the April list was a trade secret. (*See* Glazzio's opposition to the motion to seal.)

---

[5] The Court can take notice that, a May 9 Milestone price list (filed in opposition to the motion to seal) has different pricing than the April 2022 Milestone price list at issue. That is, prior to this lawsuit, the Milestone price list Tilebar claims is its secret was obsolete, yet TileBar has claimed to this Court that this expired, non-used pricing is a trade secret. We suggest that the claim that the April Milestone price list was a trade secret lacks a good faith basis.

5

TileBar does not provide a factual basis on which to find that a price list created by a third-party supplier is a trade secret belonging to Tilebar. "'Price lists . . . are not, as a matter of law, protected as trade secrets.'" *Midwest Railcar Corp. v. Everest Railcar Servs., Inc.*, No. 16 Civ. 604, 2017 WL 1383765, at *7 (S.D.N.Y. April 13, 2017) (quoting *TNS Media Research LLC v. TRA Glob., Inc.*, 977 F. Supp. 2d 281, 315 (S.D.N.Y. 2013)). TileBar does not dispute it did not create this document—Milestone created it. While TileBar asserts this price list was not meant to be shared with competitors, it does not allege any facts about that in the Amended Complaint, nor that the list was provided confidentially. TileBar concedes in its motion to seal that the entire Milestone price list, redacting only TileBar's discounted prices, can be filed publicly on the Court's docket. (Dkt. 57, at 7.) TileBar offers no reason why Milestone is unable to share its own old, dated price list with others, including the discounted price it offered to TileBar in April, nor does TileBar claim the supplier is bound by any agreement restrict its use of the supplier's own price list. In fact, nothing on the price list is current or secret. When Glazzio transmitted the copy of the price list it found to TileBar, it stated, "[w]e understand that MileStone freely provides price lists to its customers upon request, including to Glazzio, and that the discount offered is an industry standard discount offered to similarly-situated customers, such as Glazzio." (Edelman Decl., Ex. Z.) TileBar does not dispute that this accurately describes Milestone's price lists. Glazzio has twice obtained price lists from Milestone, each of which reflects a discounted price similar to TileBar's discount, and TileBar does not even allege it still has the same discount as in April.[6] Accordingly, it has failed to provide a basis for finding its supplier's price list to be confidential or a trade secret. *See Cosmos Forms, Ltd. v. American Computer Forms, Inc.*, 596 N.Y.S.2d 862, 864 (App. Div. 1993) (supplier's price information was not plaintiff's trade secret or confidential

---

[6] Copies of those price lists are being filed as part of Glazzio's opposition to TileBar's motion to seal, which also describes changes in the pricing of products between April 2022 and May 2022 or October 2022.

6

because the supplier also supplied plaintiff's competitors and the price information was available from the supplier); *see also Midwest Railcar*, 2017 WL 1383765, at *7 (finding plaintiff's price list was not a trade secret because it did not allege facts showing the prices and discounts were confidential or that the recipient was under an obligation not to disclose them to others).

TileBar did not mention the Milestone price list in the Complaint, its motion for a temporary restraining order and preliminary injunction, or the Amended Complaint, even though its April 16, 2022, screen recording of vonRumpf's computer shows TileBar was aware of it. *See* Supplemental Declaration of Wes Johnson, dated July 14, 2022 (Dkt. 36), ¶ 7.) While TileBar argues it alleged its pricing documents are confidential, it cites in support of that assertion only to a paragraph in the Amended Complaint discussing the confidentiality of TileBar's internal pricing documents, not third-party prices. (Opp. Mem. at 7 (citing Amended Complaint ¶ 151).) As TileBar did not allege facts about the secrecy of the Milestone price list in the Amended Complaint, it cannot add them now through unsupported factual assertions made by its counsel. *DistributorsOutlet.com*, 2016 WL 1273229, at *6 n.13.

    4. <u>TileBar's Speculation That Its "Landed Cost" Document was Shared with Glazzio</u>

TileBar falsely claims in its opposition that it has alleged facts showing vonRumpf shared its "Landed Cost" with Glazzio. (Opp. Mem. at 9.) But the allegations TileBar cites in support of its claim do not contain facts showing vonRumpf shared the Landed Cost document with Glazzio. (Amended Complaint ¶¶ 73-77.) TileBar alleges only that vonRumpf obtained that document and then later met with Glazzio for an interview. TileBar's claim thus is based on its speculation vonRumpf shared this document. Such speculation is entitled to no deference on a motion to dismiss and does not constitute "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

7

*v. Twombly*, 550 U.S. 544, 570 (2007)); *Kalnit v. Eichler*, 264 F.3d 131, 134 (2d Cir. 2001) (speculation is not entitled to deference on a motion to dismiss).

### B. TileBar's Other Claims Should Also be Dismissed

TileBar has not, in opposition to Glazzio's motion to dismiss, refuted any of Glazzio's arguments in its moving papers as to why its claims for unfair competition, tortious interference, aiding and abetting a breach of the duty of loyalty, and unjust enrichment should be dismissed for failure to state a claim. Among other reasons, all these claims must be dismissed as each depends on TileBar's meritless claim that Glazzio has misappropriated trade secrets or confidential information. *See, e.g.*, Amended Complaint ¶¶ 188, 204, 214-15, 242, 255, 259, 264.

The unfair competition claim should also be dismissed because TileBar has effectively waived the claim, or is estopped from making it, because it chose not to object or take any action when vonRumpf and Armstrong informed TileBar, through its Executive Vice President, Jeremy Salomon, that they were interviewing with Glazzio and preparing a business plan for it. Despite its knowledge, TileBar chose not to object to this preparation to depart at the time. It cannot assert a claim against them or Glazzio now or show Glazzio's interviewing and hiring of vonRumpf and Armstrong was done in bad faith.

TileBar has abandoned the central allegation of its claim for tortious interference with contract, that Glazzio knew about Addendum A. Instead, it now asserts that Glazzio should have known vonRumpf and Armstrong had confidentiality obligations. (Opp. Mem. at 30-31.) But knowledge of an implicit obligation is inadequate to support a claim for tortious interference with contract; actual knowledge is required. *LinkCo*, 230 F. Supp. 2d at 496 (collecting cases).

As for its tortious interference with prospective economic advantage claim, while TileBar has, in its opposition, identified Milestone as the third-party relationship at issue, the claim must

still be dismissed because TileBar does not allege any facts showing that relationship has been disrupted. (Opp. Mem. at 31 n.16.) *In Touch Concepts, Inc. v. Cellco Partnership*, 949 F. Supp. 2d 447, 476 (S.D.N.Y. 2013) (a tortious interference claim must plead injury to a relationship).

### C. TileBar Does Not Plead Glazzio has Caused It Any Damages

TileBar's claims against Glazzio should also be dismissed because, both in the Amended Complaint and in its opposition to Glazzio's motion to dismiss, TileBar does not identify any damages caused by Glazzio's actions. TileBar does not, for example, allege Glazzio's actions has caused it to lose customers or suppliers, or any profits. Instead, in both the Amended Complaint and its opposition, TileBar merely speculates it will be harmed in the future if Glazzio uses TileBar's allegedly misappropriated trade secrets and confidential information in its launch of a commercial division.[7] *See, e.g.*, Opp. Mem. at 35; Amended Complaint ¶¶ 170-71.

### D. Glazzio Must be Dismissed Under the Venue Selection Provision Because vonRumpf and Armstrong are Indispensable Parties

TileBar has conceded vonRumpf and Armstrong are indispensable parties to any action against Glazzio by not opposing Glazzio's motion on that point. *See Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018) ("District courts in this circuit have found that [a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims.")

As for the venue selection, TileBar's unpersuasively argues this Court should ignore the Second Circuit's binding holding in *Yakin v. Tyler Hill Corp.*, 566 F.3d 72 (2d Cir. 2009), and instead follow the non-binding holding of *Androb Jewelry Serv., Inc. v. Malca-Amit USA, LLC*, No. 16-CV-5171, 2017 WL 4712422 (S.D.N.Y. Sept. 25, 2017). The decision in *Androb* was

---

[7] TileBar's failure to plead actual damages is exemplified by its reliance in opposition on the claim vonRumpf and Armstrong "assured" in the Glazzio Commercial 2022 presentation they would bring in $600,000 in business from "Relationship"—which TileBar speculates refers to TileBar's relationships. *See* Johnson Decl., Ex. 6, at 9.

9

correctly decided only if the forum selection clause was deemed ambiguous, as the *Androb* court held that the clause's reference to courts "located" in Queens County could, in addition to the plain meaning interpretation of a court physically located in Queens County, also mean courts that have jurisdiction over a location. *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 53 (2d Cir. 2012) (ambiguity exists where a contract term can suggest more than one meaning). That ambiguity was correctly applied against the plaintiff, the drafter of the provision. Here, too, the Court should apply the ambiguity in TileBar's Addendum A against it and hold the venue selection provision requires dismissal.[8]

### III. CONCLUSION

For all the foregoing reasons, Glazzio's motion to dismiss the Amended Complaint should be granted, together with such other and further relief as the Court may deem proper.

Dated: New York, New York
December 9, 2022

**TARTER KRINSKY & DROGIN LLP**

By: */s/ Joel H. Rosner*
David N. Kleinmann
Joel H. Rosner
1350 Broadway, 11th Floor
New York, New York 10018
Tel: (212) 216-8000
Fax: (212) 216-8001
dkleinmann@tarterkrinsky.com
jrosner@tarterkrinsky.com
*Attorneys for Defendant Glazzio Tiles, formally known as Deutsch Imports, LLC*

---

[8] TileBar incorrectly claims *Carematrix of Massachusetts, Inc. v. Kaplan*, No. CV-05-3173, 2006 WL 8439674 (E.D.N.Y. June 21, 2006), supports its argument concerning *Androb*. In fact, it does the opposite. That case was decided before the Second Circuit's decision in *Yakin*. If the holding in *Carematrix* differed from the holding in *Yakin*, it necessarily was overruled by *Yakin*. If *Androb* is decided on the same grounds as *Carematrix*, then it, too, cannot prevail over *Yakin*.